IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLY FRANCOIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-7334 |
| | : | |
| KRISTI NOEM, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                           **January 5, 2025**

Petitioner Willy Francois brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS"). He argues his mandatory detention without providing a bond hearing pursuant to 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act ("INA"), is illegal. Because § 1225(b)(2) does not apply to noncitizens like Francois who have resided within the United States for years, his petition will be granted.

## BACKGROUND[1]

Willy Francois is a noncitizen from Haiti who came to the United States seeking asylum. Pet. Writ Habeas Corpus ¶¶ 16-20, Dkt. No. 1. On April 27, 2022, Francois arrived at the border and was affirmatively paroled into the country by DHS pursuant to 8 U.S.C. § 1182(d)(5). *Id.* ¶¶ 17-18. After Francois was paroled, he moved to Philadelphia where he has been living with his two children. Ex. 3, Dkt. No. 1-1. He later that year applied for asylum and Temporary Protected Status ("TPS"). Pet. Writ Habeas Corpus ¶¶ 3, 20. The Government granted TPS to him for an 18-month period which has since expired. *Id.* ¶ 21. Francois unsuccessfully attempted to apply

---

[1] The Government, "[f]or the purposes of responding to this habeas petition only, . . . does not dispute other facts or characterizations thereof stated in the petition (except if the petitioner claims he has been "admitted" to the United States)." Gov't Resp. Opp. Pet. 3, Dkt. No. 3. The Court will therefore accept the non-legal factual allegations of Francois' habeas petition as true.

for an extension of TPS. *Id.* His asylum application remains pending. *Id.* ¶ 20. Since his entry into the country, Francois has complied with all the conditions of his release to date. *Id.* ¶ 19.

On or around December 24, 2025, Francois was detained by Immigration and Custom Enforcement ("ICE") while attending a routine check-in. *Id.* ¶ 26. He alleges that he was not provided a formal custody determination justifying his detention, official confirmation that removal proceedings have been initiated against him, or an opportunity for a bond hearing. *Id.* ¶ 26. As of December 24, 2025, DHS had not filed any charging documents with the Executive Office for Immigration Review to commence removal proceedings against Francois. *Id.* ¶ 26. He is currently being held at the Federal Detention Center in Philadelphia. *Id.* ¶ 16.

Francois filed the instant habeas petition on December 25, 2025. The Government responded on January 2, 2026. It contends Francois was detained by ICE pursuant to the administration's new policy to subject all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country to mandatory detention without bond under § 1225(b). Gov't Resp. Opp. Pet. 1-4; *see also Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the new policy). The Government has not provided any other justification for detaining Francois.

**DISCUSSION**

Francois argues his detention is illegal because he has been improperly subjected to mandatory detention without bond under § 1225(b)(2) instead of § 1226's discretionary detention. The Government concedes in its response that the "factual and legal issues presented in this habeas corpus petition do not differ in a material way from those considered and decided by this Court" in *Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025). Gov't Resp. Opp. Pet. 1. It "responds in opposition to the instant petition on the same grounds that it did in

*Ndiaye* for purposes of appellate preservation, mindful that the Court has found these arguments unpersuasive." *Id.* Considering this concession, the Court will adopt the reasoning of its previous opinion in *Ndiaye*, 2025 WL 3229307 in addition to the various cases decided in the district to grant Francois' habeas petition.

The Court finds the rationale applied in *Ndiaye* is equally applicable to the instant matter.[2] Since this Court's decision in *Ndiaye*, the Government's position has become even weaker. Every day, more district courts around the country and within the Eastern District of Pennsylvania have ruled against the Government's position. As of November 26, 2025, "[t]he challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, *13 (S.D.N.Y. Nov. 26, 2025). In the Eastern District of Pennsylvania alone, over 42 cases have been decided on this same issue with the Government losing all of them. Gov't Resp. Opp. Pet. 2-3 & n.1.

While the Government has appeals pending and no appellate court has made a final decision on this issue,[3] this Court has identified at least one circuit decision that has recently cast serious doubt on the Government's arguments: *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025). The Seventh Circuit in *Castañon-Nava*,

---

[2] In *Ndiaye*, "[a]fter reviewing the text and structure of the INA, longstanding agency practice, Congress' actions, and the canon of constitutional avoidance, the Court [found] § 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. The Court also found the jurisdiction provisions of the INA and exhaustion jurisprudence do not bar this Court from review. *Id.* at *2-4.

[3] Notably while the Government has pursued appeals, none of those appeals seem to be in the Third Circuit.

the court found the Government was "not likely to succeed on the merits of [its] argument that those individuals, whom ICE arrested without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Id.* at *10.[4]  The court held the Government's interpretation of § 1225 is wrong because the plain meaning of the term "seeking admission," within the statute, limits mandatory detention to those who are not already in the country and any interpretation to the contrary would render this language superfluous. *Id.* at *8-10.  This holding is consistent with the rationale of the many district cases that have been decided on this issue including *Ndiaye*.  *See, e.g.*, 2025 WL 3229307, at *5-6.  *Castañon-Nava* provides even more persuasive authority that the Government's position is wrong.

The Court will now briefly address some differences between Francois and the petitioner in *Ndiaye*.  Unlike the petitioner in *Ndiaye*, Francois was paroled into the country under 8 U.S.C. § 1182(d)(5) which is granted "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit" and had received TPS protection.  The Court finds these differences do not impact Francois' right to habeas relief.  In a factually similar case, a Court in the Eastern District of Pennsylvania applied *Ndiaye* to find a noncitizen, who was paroled under § 1182(d)(5), was illegally detained without a bond hearing.  *Rios Porras v. O'Neill*, No. 25-CV-6801, 2025 WL 3708900, at *1 (E.D. Pa. Dec. 22, 2025).  Courts around the country have also found noncitizens who were paroled under § 1182(d)(5) are not subject to mandatory detention if they have been residing within the country for years.  *See, e.g.*, *Cabrera Martinez v. Marich*, No. 25-CV-1110, 2025 WL 3771228, at *5-13 (W.D.N.Y. Dec. 31, 2025) (analyzing § 1182(d)(5)(A) to conclude

---

[4]  The Seventh Circuit made these findings while reviewing an application for stay of a preliminary injunction. *Id.* at *1.  So, its analysis was limited to the likelihood of success on the merits and does not have the full weight of a final decision on the merits.  The Court still finds this preliminary decision and analysis has strong persuasive value.

4

"an individual who has been living in the United States outside parole and is later apprehended is detained under section 1226").

The fact Francois had TPS which then expired also does not impact his petition. Courts in this district and around the country have found a petitioner's TPS status does not materially impact their right to habeas relief under similar circumstances. *See, e.g.*, *Hurtado v. Jamison*, No. CV 25-6717, 2025 WL 3678432, at *3 (E.D. Pa. Dec. 18, 2025) (applying *Ndiaye* grant habeas relief for a TPS applicant); *Emilcent v. O'Neill*, No. CV 25-7015, 2025 WL 3709295, at *1-3 (E.D. Pa. Dec. 22, 2025) (granting habeas relief for a detained noncitizen who was paroled under § 1182(d)(5) and then granted TPS status which has since expired); *Valera v. Raycraft*, No. 25-CV-1718, 2025 WL 3777044, at *10-13 (W.D. Mich. Dec. 31, 2025) (same). These cases are persuasive.

Based on these decisions and the Court's previous opinion in *Ndiaye*, the Court finds Francois' claims are not barred by the INA's jurisdiction stripping provisions or exhaustion requirements and that he cannot be detained under § 1225. Francois' current detention is therefore illegal, and he is entitled to habeas relief.

**CONCLUSION**

Accordingly, the Court will grant Petitioner Willy Francois' for Writ of Habeas Corpus in full and order his immediate release.[5]

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[5] Like in *Ndiaye*, the Government has not offered any rationale for detaining Francois beyond the mandatory detention provision of § 1225, therefore, this Court will order Francois immediate release without a bond hearing. *See* 2025 WL 3229307, at *8 & n.5.